UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:
STARBAK INCORPORATED,
         DEBTOR.

Chapter 11
Case No. 10-10856-WCH

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

      The matters before the Court are the "Interim Application for Allowance of Attorneys' Fees and Reimbursement of Expenses by Kachroo Legal Services, P.C, Counsel to the Debtor Starbak Inc." (the "Fee Application") filed by Dr. Gaytri D. Kachroo of Kachroo Legal Services, P.C. (collectively, "Kachroo"), counsel to Starbak, Inc. (the "Debtor"), the "United States Trustee's Objection to [the Fee Application]" (the "United States Trustee's Objection") filed by the United States Trustee, the "Response to [the United States Trustee's Objection] and Objection to the First Interim Application for Compensation of Murtha Cullina LLP for Fees and Expenses Incurred as Counsel to the Chapter 11 Trustee"[1] (the "Response") filed by Kachroo, the "Chapter 11 Trustee's Objection to [the Fee Application]" (the "Chapter 11 Trustee's Objection") filed by Mark G. DeGiacomo (the "Chapter 11 Trustee"), Chapter 11 trustee of the Debtor's estate, the "Motion for Order Granting [the Fee Application]" ( the "Fee Motion") filed by Kachroo, and the Chapter 11 Trustee's opposition thereto (the "Opposition"). Both the United States Trustee and the Chapter 11 Trustee object to the Fee Application on the basis that the rates charged and time spent are excessive and that any compensation from the estate for

---

[1] The Chapter 11 Trustee's counsel's application for compensation was granted over the Debtor's objection on August 24, 2010.

1

work performed after the appointment of the Chapter 11 Trustee is barred by the Supreme Court of the United States' decision in *Lamie v. United States*.[2]  For the reasons set forth below, I will deny both the Fee Application and the Fee Motion.

## II. BACKGROUND[3]

The facts of this case are not in dispute.  An involuntary Chapter 11 petition was filed against the Debtor on January 29, 2010.  In the absence of an answer, the order for relief entered on March 16, 2010.  At an emergency hearing held the next day, with the Debtor's consent, I directed the United States Trustee to appoint a Chapter 11 trustee.  I approved the Chapter 11 Trustee's appointment on March 18, 2010.  On March 24, 2010, the Chapter 11 Trustee moved to employ Murtha Cullina LLP as his counsel, which I allowed on March 26, 2010.

Upon the entry of the order for relief, the Court issued an order to update directing the Debtor to file, *inter alia*, schedules and a statement of financial affairs (the "Schedules") by March 30, 2010.  On April 1, 2010, Kachroo filed a motion "request[ing] an extension of time to clarify whether Debtor's counsel or the Trustee must file the various schedules and statements of financial affairs so ordered until April 16, 2010."[4]  Notably, the motion only requested an extension of time so that she and the Chapter 11 Trustee could "clarify their duties" and did not request a judicial determination of those duties or that Kachroo be relieved of any duty to comply with the order to update.  I granted the requested extension as well as a second extension upon the filing of a joint motion by the Debtor and the Chapter 11 Trustee.  Ultimately, the Schedules were filed on April 22, 2010.  Although the Chapter 11 Trustee filed them, he concedes that

---

[2]  *Lamie v. United States*, 540 U.S. 526 (2004).

[3]  I take judicial notice of the docket in the case. *See Rodi v. Southern New England School of Law*, 389 F.3d 5, 17-19 (1st Cir. 2004) (citations omitted).

[4]  Debtor Starbak's Motion to Extend Time to File Debtor's Schedules and Statement of Financial Affairs, Docket No. 50.

Kachroo prepared them.[5] I note that in addition to the Schedules, Kachroo prepared a Disclosure of Compensation of Attorney for Debtor, indicating that she agreed to accept $34,394 for legal services in this case to be paid from the Debtor, of which she had not received anything.

On April 20, 2010, two days prior to the filing of the Schedules, I entered the "Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (1) Approving Post-Petition Financing, (2) Granting Liens and Providing Superpriority Administrative Expense Status, (3) Modifying Automatic Stay, and (4) Authorizing Use of Cash Collateral" (the "TIP Order"). Pursuant to paragraph 8 of the TIP Order, the lender, Windspeed Ventures III, LLC ("Windspeed"), provided a $100,000 carve out (the "Carve Out") for the "[Chapter 11] Trustee for payment of allowed reasonable fees and expenses of the Trustee and his attorneys and accountants employed pursuant to Section 327 of the Bankruptcy Code. . . ."[6] The TIP Order further provided that any excess funds from the Carve Out remaining after the payment of the Chapter 11 Trustee's professional fees would be retained by the Debtor's estate for ultimate distribution to the estate's creditors.

On April 26, 2010, Kachroo filed an "Emergency Application to Employ Kachroo Legal Services P.C. as Counsel Under a General Retainer" (the "Application to Employ"). In substance, she sought retroactive approval of her employment as Debtor's counsel to March 30, 2010, with "compensation and reimbursement of out-of-pocket expenses as this Court may allow . . . ."[7] Both the Chapter 11 Trustee and the United States Trustee filed limited objections based upon Kachroo's request for retroactive relief, while the United States Trustee also asserted that

---

[5] Trans. September 1, 2010 at 11:1-4.

[6] TIP Order, Docket No. 84 at ¶ 7.

[7] Application to Employ, Docket No. 90 at 5.

further disclosure was required to establish her disinterestedness. Kachroo subsequently filed a response, and I scheduled the matter for hearing on May 19, 2010.[8]

At the May 19, 2010 hearing, I heard arguments from Kachroo, the Chapter 11 Trustee, United States Trustee, and counsel to Windspeed. In addition to the issues raised in the limited objection, the United States Trustee expressed concern that because the Debtor, and not the Chapter 11 Trustee, sought to employ Kachroo, she would not be entitled to payment from the Debtor's estate under *Lamie*.[9] Thereafter, counsel to Windspeed further clarified that the Carve Out was for the Chapter 11 Trustee and his professionals only, and would not be available for Kachroo's fees in the event that I approved her employment.[10]

With respect to the United States Trustee's limited objection regarding her disinterestedness, Kachroo adequately clarified her disclosures and expressly waived any fees incurred prior to March 30, 2010. In light of the potential payment issues raised by both the United States Trustee and counsel to Windspeed, however, I point-blank asked Kachroo: "there's not going to be any free money to pay you in the estate. Does that affect your application for employment?"[11] Kachroo did not directly answer the question, but stated that she only incurred fees as a result of complying with the Court's order to update and supporting the Chapter 11

---

[8] I denied emergency determination as the Application to Employ failed to state cause for such relief.

[9] Trans. May 19, 2010 at 4:16-24 ("MS. HERTZ: Your honor, with respect to the Chapter 11 Trustee, I think it's rather telling that an application to was asked . . . that it be filed by him on behalf of the estate, and it wasn't. . . . It's unclear to me, in addition to the matters I raised in my objection, that [Kachroo's] firm would be entitled to payment under *Lamie* if it's not employed by the debtor's estate.").

[10] *Id.* at 5:21-25; 6:1-3 ("MR. ROSNER: . . . I just want the record to be clear that if the Court does approve the debtor's retention of counsel that the carve-out provided under the post-petition financing is for the Trustee and his professionals only, so there's no confusion in the future as to how or whether debtor's counsel will be compensated.").

[11] *Id.* at 6:18-20.

Trustee in completing the Debtor's schedules and statement of financial affairs.[12]  I again reiterated the possibility that there would be no funds in the estate to pay her fees, but ultimately approved her retention retroactive to March 30, 2010.[13]

On June 23, 2010, Kachroo filed the Fee Application through which she seeks compensation for services rendered from March 30, 2010 through June 22, 2010 in the amount of $39,180 and reimbursement of expenses in the amount of $406.50.[14]  The Fee Application was originally scheduled for hearing on July 21, 2010, but on July 8, 2010, the Chapter 11 Trustee filed a motion requesting that the hearing be continued until a hearing on the confirmation of a Chapter 11 plan or, in the event the case was converted to Chapter 7, the final hearing is held.  In support, the Chapter 11 Trustee stated that he would be in a better position to evaluate the Fee Application after he concluded an investigation of the Debtor's assets and liabilities.  I granted the motion to continue the following day.

Shortly thereafter, the Chapter 11 Trustee filed the "First Interim Application for Compensation of Murtha Cullina LLP for Fees and Expenses Incurred as Counsel to the Chapter 11 Trustee" (the "Trustee's Application").  Through the Trustee's Application, he sought allowance of fees in the amount of $97,273.80 and reimbursement of expenses in the amount of $2,726.20 to be paid from the Carve Out.  Given the amount requested, the Chapter 11 Trustee's counsel's fees constituted all funds available through the Carve Out.  The Trustee's Application was scheduled to be heard on August 25, 2010.  On August 23, 2010, Kachroo, acting on her own behalf, filed an objection asserting that she was entitled to payment on her fees on a pro rata

---

[12] Trans. May 19, 2010 at 6:21-24; 7:1-25.

[13] Trans. May 19, 2010 at 7:9-15

[14]  I note that the Application divides the fees requested into project categories as required by local rule, but does not provide a narrative of the services rendered in each category.  *See* Massachusetts Local Bankruptcy Rule ("MLBR") 2016-1(d)(1).

5

basis from the Carve Out.  One day prior to the August 25, 2010 hearing, I approved the Trustee's Application over Kachroo's objection.

At the Debtor's request, I scheduled a hearing on the Fee Application for September 1, 2010.[15]  Both the United States Trustee and the Chapter 11 Trustee filed objections to the Fee Application arguing, *inter alia*, that Kachroo's fees were excessive in light of the results achieved and that in any event, she is barred under *Lamie* from seeking payment from the estate for fees incurred after the appointment of the Chapter 11 Trustee.[16]  In the Response, Kachroo asserted that *Lamie* is inapposite and that any objections to her Application were previously waived or should be equitably estopped.

At the September 1, 2010 hearing, the parties, who were each given a full and fair opportunity to be heard, largely reiterated the positions set forth in their papers.  Although the Chapter 11 Trustee, like the United States Trustee, asserted that there was a "*Lamie* problem" with respect the Fee Application, he recognized that Kachroo provided valuable services to the estate and stated that he did not "have a problem with paying from the estate an amount that would reflect the appropriate amount for doing that work."[17]  In order to avoid the "awkwardness" resulting from the "*Lamie* problem," the Chapter 11 Trustee indicated that he would be willing to file a motion to employ Kachroo nunc pro tunc for the purpose of preparing the Schedules and, in light of the remaining objections, would leave determination of an

---

[15] On August 24, 2010, after I granted the Trustee's Application, Kachroo moved for an emergency hearing on the Application to be held on August 25, 2010.  Because the hearing assignment had already been vacated and she conceded an inability to provide adequate notice to all parties in interest, I denied the request for emergency determination but scheduled a hearing in due course.

[16] In addition to those main objections, the United States Trustee and the Chapter 11 Trustee identified several formal issues with respect to the Application, including a failure to break time units into tenths of one hour as required by the local rule, "lumping" of multiple tasks into large blocks of time without a specific breakdown for each task, and misclassifications or insufficient descriptions of services rendered.  *See* MLBR 2016-1(a).

[17] Trans. September 1, 2010 at 10:24-25; 11:1-4.

6

"appropriate dollar amount" of those services to the Court.[18] With the expectation that an application to employ Kachroo as counsel to the Chapter 11 Trustee would be forthcoming, I took the matter under advisement to assess the reasonableness of her fee request.

Such an application, however, was never filed. Instead, on September 10, 2010, Kachroo filed the Fee Motion seeking an order approving the Fee Application and authorizing payment of her fees from the Carve Out on a pro rata basis with the remaining balance deferred until additional funds are made available to the estate. In the Fee Motion, she explained that after the prior hearing, the Chapter 11 Trustee drafted a motion to employ her (the "Draft Motion") and requested that she prepare an affidavit in support. Kachroo, however, objected to language in the Draft Motion which precluded her from seeking payment of her fees from the Carve Out, which would likely have the practical effect of denying her any payment at all. Nonetheless, the Chapter 11 Trustee indicated that his willingness to file the Draft Motion was contingent on her acceptance of such a provision. Having reached an impasse, Kachroo filed the Fee Motion.

The Opposition, which was filed on September 17, 2010, echoes the facts provided in the Fee Motion. In it, the Chapter 11 Trustee explained that while preparing the Draft Motion, he realized that one might argue that his employment of Kachroo might qualify her for compensation from the Carve Out. As his counsel's interim fees already exhausted it, he became concerned that his counsel could be required to disgorge a portion of the Carve Out in favor of Kachroo. Believing this was an unfair result in light of the "favor" of employing her in the first place, the Chapter 11 Trustee required that any fees awarded would be paid from "funds recovered by the Trustee in connection with his further liquidation of the Debtor's assets."[19] In

---

[18] *Id.* at 11:5-22.

[19] Opposition, Docket No. 156 at ¶ 20.

7

light of Kachroo's insistence on being paid from the Carve Out and her filing of the Fee Motion, the Chapter 11 Trustee will not employ her.[20]

As an agreed resolution of the Fee Application is no longer contemplated, the matter is ripe for determination.

### III. POSITIONS OF THE PARTIES

<u>Kachroo</u>

From the outset, Kachroo asserts that I approved the Application to Employ retroactively to March 30, 2010 over all objections and after the appointment of the Chapter 11 Trustee to facilitate her payment for services rendered in cooperation with the Chapter 11 Trustee.[21] She further notes that aside from her request for retroactive relief, the Chapter 11 Trustee did not object to her employment at the May 19, 2010 hearing. Kachroo contends that she incurred fees only as a result of responding to the Court's order to update, to which neither the United States Trustee nor the Chapter 11 Trustee objected.[22] To the contrary, she argues, the Chapter 11 Trustee supported her work preparing the Schedules, which would otherwise have been his responsibility, by filing the joint motion to extend the filing deadline. Accordingly, Kachroo asserts that any objections should be deemed waived.

Similarly, Kachroo argues that the both the United States Trustee and the Chapter 11 Trustee waived their objections under *Lamie* by failing to raise them with respect to the

---

[20] *Id.* at ¶ 24.

[21] Trans. September 1, 2010 at 3:1-24.

[22] At the May 19, 2010 hearing on the Application to Employ, Kachroo stated that "initially, when I received the order from the Court I requested that I not have to comply with that request, and that the Chapter 11 Trustee was, in fact, in a position to comply with your order . . . . it's supporting . . . my motion to extend." Trans. May 19, 2010 at 6:21-25; 7:1-4. As stated above, the motion to extend did not contain such a request for relief. I further note that this argument does not appear in her papers and was not raised at the September 1, 2010 hearing.

Application to Employ.[23] In any event, she contends that *Lamie* is inapposite because debtor's counsel in that case was denied payment of its fee because counsel failed to renew its employment application after conversion of the case to Chapter 7 and the appointment of a Chapter 7 trustee. Here, Kachroo argues, her employment was approved after the appointment of the Chapter 11 Trustee. She finds the United States Trustee's citation of *Morrison v. United States Trustee*,[24] which involved the appointment of a Chapter 11 trustee rather than conversion, inappropriate for the same reason. Indeed, Kachroo contends "that bankruptcy laws provide for compensation in precisely this circumstance."[25] Citing 11 U.S.C. § 327(e), she asserts that she was employed, with the Court's approval, for a specified purpose, namely, the preparation of the Schedules, and therefore may receive compensation pursuant to 11 U.S.C. §§ 330 and 331.

Though not conceding the existence of a "*Lamie* problem," Kachroo argues that she detrimentally relied on the Chapter 11 Trustee's representation at the September 1, 2010 hearing that he would formally retain her to facilitate payment for services performed at his direction. But for his representation, she maintains, she would have pressed her arguments for payment, particularly from the Carve Out, at that time. In the absence of a "reasonable settlement of these issues," Kachroo asserts that she would be unfairly denied any payment for services done concurrently with, and at the direction of, the Chapter 11 Trustee.[26] As such, she contends that her fees should be paid from the Carve Out pro rata with the balance deferred until additional

---

[23] At footnote one of the Response, Kachroo asserts that by invoking *Lamie* in opposition to the Application, the United States Trustee is now advancing a position that runs contrary to the one taken at the May 19, 2010 hearing on the Application to Employ. As discussed at length above, the United States Trustee was the first party to raise *Lamie* concerns at that hearing.

[24] *Morrison v. United States Trustee*, No. 09-CV-3565, 2010 WL 2653394 (E.D.N.Y. June 24, 2010) (holding that the appointment of a Chapter 11 trustee terminates the employment of debtor's counsel, barring compensation from the estate under *Lamie*).

[25] Response, Docket No. 129 at p4.

[26] Fee Motion, Docket No. 150 at ¶¶ 19-20.

funds are made available to the estate. Alternatively, Kachroo argues that the Chapter 11 Trustee should be ordered to pay her fees based upon her detrimental reliance.

Finally, with respect to the Fee Application itself, Kachroo asserts that it complies with all local rules and that the fees requested are reasonable. Indeed, she points out that her fees were driven up by the cost of responding to the objections to her Application to Employ and the Fee Application. Kachroo notes that her firm's rates were disclosed in the Application to Employ and that no party objected. Further, all time entries are set forth in tenths of one hour as required by local rule and, contrary to the assertion of the Chapter 11 Trustee, the "lumping" of tasks in entries is permissible.

The Chapter 11 Trustee and the United States Trustee

The United States Trustee and the Chapter 11 Trustee both object to the Fee Application for the same reasons. The main thrust of their argument is that upon the appointment of the Chapter 11 Trustee, he became the sole representative of the Debtor's estate. Therefore, under *Lamie*, only professionals that he employed pursuant to 11 U.S.C. § 327(a) are entitled to compensation from estate funds. Section 330(a)(1), they contend, simply makes no provision for compensation of professionals employed by a debtor.[27] In support, they cite not only *Lamie*, but *In re C.K. Liquidation Corp.*,[28] *Morrison v. United States Trustee*,[29] Judge Boroff's recent decision in *In re Ski Market, Inc.*,[30] as well as my decisions in *In re Anctil Plumbing &*

---

[27] *See* 11 U.S.C. § 330(a)(1).

[28] *Morse v. Ropes & Gray, LLP (In re C.K. Liquidation Corp.)*, 343 B.R. 376 (D. Mass. 2006).

[29] *Morrison v. United States Trustee*, 2010 WL 2653394 at *1.

[30] *In re Ski Market, Inc.*, No. 09-22502-HJB, 2010 WL 3463846 (Bankr. D. Mass. Aug. 25, 2010).

*Mechanical Contractors, Inc.*[31] They assert that Kachroo's only recourse is to be employed by the Chapter 11 Trustee, an option to which he is no longer amenable.

Assuming, *arguendo*, that Kachroo could get around *Lamie*, the United States Trustee and the Chapter 11 Trustee argue that the Fee Application should still be reduced or denied because the fees requested are excessive. First, they note that over fifty-percent of the application constitutes work spent employing Kachroo and preparing the Fee Application. The balance, which amounts to $19,675 or 57.5 hours, was spent preparing the Schedules, which they contend goes well beyond what is reasonable for such work. Indeed, they assert that both the rate charged and time spent on this task is unreasonable given its administrative nature. They also object to the fees for work related to the Application to Employ and the Fee Application for the same reason.

Second, both the United States Trustee and the Chapter 11 Trustee argue that the Fee Application fails to comply with MLBR 2016-1. Specifically, they both contend that Kachroo's time entries are not broken down into tenths of one hour and that discrete tasks are insufficiently described and impermissibly "lumped" into large blocks of time. As such, they assert Kachroo's time records preclude any determination of reasonableness.

## IV. **DISCUSSION**

Upon the commencement of a bankruptcy proceeding, a bankruptcy estate is created consisting of all the assets of the debtor.[32] Generally speaking, Chapter 11 debtors retain control

---

[31] *See Lassman v. Schultz (In re Anctil Plumbing & Mechanical Contractors, Inc.)*, 394 B.R. 1 (Bankr. D. Mass. 2008); *In re Anctil Plumbing & Mechanical Contractors, Inc.*, 416 B.R. 333 (Bankr. D. Mass. 333 (Bankr. D. Mass. 2009) (Memorandum of Decision dated March 10, 2009 editorially consolidated with April 28, 2009 Memorandum denying reconsideration).

[32] *See* 11 U.S.C. § 541(a).

11

of the bankruptcy estate and the debtor's business operations as "debtors in possession."[33] Nonetheless, the Court may, for cause, order the appointment of a Chapter 11 trustee.[34] Once appointed, the Chapter 11 Trustee becomes the estate's sole representative.[35] In the absence of a Chapter 11 Trustee, however, a debtor in possession has the rights and powers afforded one under the Bankruptcy Code.[36] This includes, subject to court approval, the ability to employ professionals such as attorneys.[37] Retained professionals may then apply to the bankruptcy court for an award of reasonable compensation and reimbursement of actual and necessary expenses from the estate under 11 U.S.C. § 330(a).[38]

In 1994, 11 U.S.C. § 330(a) was amended. "Prior to the amendment, that section authorized the bankruptcy court, with some limitations, to 'award to a trustee, to an examiner, to a professional person employed under 327 or 1103 of this title, *or to the debtor's attorney* . . . reasonable compensation . . . .'"[39] The amendment deleted the italicized words, suggesting that a debtor's attorney must first be employed under 11 U.S.C. § 327 to be entitled to compensation under 11 U.S.C. § 330(a).[40]

This background sets the stage for *Lamie*. In that case, the petitioner's retention as counsel to the Chapter 11 debtor in possession had been duly authorized by order of the

---

[33] *See* 11 U.S.C. §§ 1101(1), 1108.

[34] *See* 11 U.S.C. § 1104(a).

[35] *See* 11 U.S.C. § 323(a).

[36] *See* 11 U.S.C. § 1107(a).

[37] *See* 11 U.S.C. § 327(a).

[38] *See* 11 U.S.C. § 330(a).

[39] *In re Anctil Plumbing & Mechanical Contractors, Inc.)*, 394 B.R. at 6 (*quoting* 11 U.S.C. § 330(a) (1988)).

[40] *See* 11 U.S.C. § 330(a)(1).

bankruptcy court.[41] After the case was later converted to one under Chapter 7, the petitioner continued to provide legal services to the debtor even though he had not been retained by the Chapter 7 trustee.[42] When he subsequently sought compensation for his post-conversion services, the application was denied by the bankruptcy court.[43] The issue was ultimately appealed to the Supreme Court, with both the district court and the United States Court of Appeals for the Fourth Circuit affirming the bankruptcy court's decision.[44]

> In a unanimous decision, the Supreme Court affirmed, holding:
>
> The statute is awkward, and even ungrammatical; but that does not make it ambiguous on the point at issue. In its first part, the statute authorizes an award of compensation to one of three types of persons: trustees, examiners, and § 327 professional persons. *A debtor's attorney not engaged as provided by § 327 is simply not included within the class of persons eligible for compensation. . . .* Unless the applicant for compensation is in one of the named classes of persons in the first part [of 11 U.S.C. § 330(a)(1)], the kind of service rendered is irrelevant.
>
> * * *
>
> Adhering to conventional doctrines of statutory interpretation, *we hold that § 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327*. If the attorney is to be paid from estate funds under § 330(a)(1) in a Chapter 7 case, he must be employed by the trustee and approved by the court.[45]

Kachroo argues that *Lamie* is distinguishable because her employment, unlike the petitioner's, was approved *after* the appointment of a trustee. This, however, is a distinction without a difference given that she was employed *by the Debtor and not the Chapter 11 Trustee*. In light of the prior appointment of the Chapter 11 Trustee, the Debtor was not acting as a debtor

---

[41] *Lamie v. United States Trustee*, 540 U.S. at 529.

[42] *Id.*

[43] *Id.*

[44] *Id.*

[45] *Id.* at 535, 538 (emphasis added).

in possession at the time it sought to employ Kachroo and therefore could not employ counsel under 11 U.S.C. § 327(a).[46] Accordingly, she has no entitlement to payment from either the Carve Out or the estate pursuant to 11 U.S.C. § 330(a)(1).

This result should not be a surprise to Kachroo as this very issue was the subject of substantial discussion at the May 19, 2010 hearing. Contrary to her assertions, the United States Trustee raised *Lamie*, stating that "[i]t's unclear to me, in addition to the matters I raised in my objection, that [Kachroo's] firm would be entitled to payment under *Lamie* if it's not employed by *the debtor's estate*."[47] I then expressly asked her whether an inability to collect from the estate affected her Application to Employ.[48] Kachroo pressed on, and I granted *the Debtor's* application to employ her, implicitly subject to the *Lamie* objection raised by the United States Trustee.

I am also not persuaded by Kachroo's various equitable arguments.[49] It is irrelevant that she incurred fees complying with the order to update because, as she apparently recognized, she could have sought relief from that order.[50] Kachroo failed to do so and must live with the consequences of having provided services without first having been employed by the Chapter 11 Trustee.[51] Additionally, it is, at best, disingenuous for her to argue that she detrimentally relied

---

[46] *See Morrison v. United States Trustee*, 2010 WL 2653394 at *4-5. Kachroo's reliance on 11 U.S.C. § 327(e), which allows trustee to employ an attorney that has represented the debtor for a specified purpose, is similarly unavailing as that section also requires the Chapter 11 Trustee to employ her.

[47] Trans. May 19, 2010 at 4:21-24 (emphasis added).

[48] *Id.* at 6:18-20 ("there's not going to be any free money to pay you in the estate. Does that affect your application for employment?").

[49] As it is clear that the United States Trustee raised a *Lamie* objection prior to Kachroo's employment as counsel to the Debtor, her waiver argument is without foundation.

[50] *See* n. 22, *supra*.

[51] *See In re Bartmann*, 320 B.R. 725, 742 (Bankr. N.D. Okla. 2004) ("Professionals who render services to the estate without first obtaining an order authorizing their employment are effectively volunteers.").

on the Chapter 11 Trustee's representation at the September 1, 2010 hearing that he would file a motion to employ her nunc pro tunc. This representation was made after she provided all the services for which she seeks payment and after she argued the merits of the Fee Application, including her response to the objections. Put simply, Kachroo has not demonstrated any reliance on that representation.

As I find that Kachroo is not eligible to be compensated under 11 U.S.C. § 330(a)(1), I need not address the reasonableness of the Fee Application.

## V. CONCLUSION

In light of the foregoing, I will enter an order denying the Fee Application and the Fee Motion.

_____
William C. Hillman
United States Bankruptcy Judge

Dated: September 29, 2010